IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| REGINALD O. ROBINSON, #1673891 | § | |
| VS. | § | CIVIL ACTION NO. 6:14cv713 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

Petitioner Reginald O. Robinson, an inmate confined at the Michael Unit of the Texas prison system, proceeding *pro se*, filed the above-styled and numbered petition for a writ of habeas corpus challenging a prison disciplinary case. The petition was referred to United States Magistrate Judge K. Nicole Mitchell, who issued a Report and Recommendation concluding that the petition for a writ of habeas corpus should be denied. Petitioner has filed objections.

"Federal habeas relief cannot be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (citation and internal quotation marks omitted). Petitioner has a criminal conviction for an offense which makes him ineligible for release on mandatory supervision. The punishment imposed in Petitioner's disciplinary case does not involve a protected liberty interest under the Due Process Clause because he is not eligible for release on mandatory supervision. *Sanders v. Smith*, 111 F. App'x 752 n.1 (5th Cir. 2004). Petitioner's disciplinary case simply does not involve a right secured by the United States Constitution or the laws of the United States.

In his objections, Petitioner disputed the finding that his conviction includes a deadly weapon finding. Nonetheless, in response to question number fifteen, he acknowledged that his judgment included an affirmative finding of a deadly weapon. His response to question number fifteen is consistent with information provided by the prison system's Offender Information Details website,

which reveals that he is in custody pursuant to a 2010 Harris County Conviction for aggravated assault with a deadly weapon. *See* http://offender.tdcj.state.tx.us/OffenderSearch/offenderDetail.action?sid=06192999. Both the aggravated assault conviction and the deadly weapon finding makes him ineligible for release on mandatory supervision. Tex. Govt. Code § 508.149(a)(1)&(7) (Vernon Supp. 2009). A protected liberty interest is at stake if and only if a petitioner lost good time and is eligible for release on mandatory supervision. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997). Petitioner does not have a protected liberty interest in this case since he is ineligible for release on mandatory supervision. Federal habeas corpus relief is unavailable with respect to the disciplinary case due to the absence of a protected liberty interest.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections of Petitioner are without merit. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 24th day of September, 2014.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**